UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

MARC A. STARR,                                  12 Civ. 4023 (SJF-AKT)

                        Plaintiff,
  -against-

FIRSTMARK CORP.,

                        Defendant.

------------------------------------------------------------ X

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

# **TABLE OF CONTENTS**

| | Page |
|---|---|
| Table of Authorities | ii |
| PRELIMINARY STATEMENT | 1 |
| POINT I | 2 |
| POINT II | 3 |
| POINT III | 4 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

Teachers Insurance & Annuity Assoc. v. Tribune Co.,
   670 F. Supp. 491 497 (S.D.N.Y. 1987)..................................................................................2

## FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

Fed. R. Civ. P. 65 .............................................................................................................1

Plaintiff Marc A. Starr ("Mr. Starr" or "Plaintiff") respectfully submits this Reply Memorandum of Law in further support of its Order to Show Cause, pursuant to Fed. R. Civ. P. 65, for a preliminary injunction to enjoin and restrain Defendant Firstmark Corp. ("Firstmark" or "Defendant") from enforcing against Mr. Starr a provision in the stock purchase agreement among Centroid, Inc. ("Centroid"), Mr. Starr, and Firstmark dated as of March 4, 2011 (the "SPA") that would require Mr. Starr to arbitrate before a sole accountant his claim that Defendant did not prepare a post-closing financial statement (the "Subsequent Financial Statement") in accordance with generally accepted accounting principles ("GAAP"). Mr. Starr's claims are significantly broader than simply whether or not the Subsequent Financial Statement was made in accordance with GAAP, encompassing Defendant's breach of the covenant of good faith and fair dealing, breach of contract, fraud, and tortious interference with a prospective business advantage.

## PRELIMINARY STATEMENT

In Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction (the "Opposing Brief"), Defendant failed to address the fundamental basis for Mr. Starr's request for relief. Mr. Starr is seeking to prevent enforcement of a dispute resolution process (the "Process"), which provides that if he disputes the Subsequent Financial Statements[1] prepared by Defendant, (1) he may only object on the grounds that the statements were not prepared according to GAAP; (2) the dispute must be submitted to a single accountant for resolution; and (3) Mr. Starr may not appeal from the accountant's ruling on GAAP to a court. As set forth above, Mr. Starr's claims are far broader than simply whether or not the Subsequent Financial Statement was made in accordance with GAAP. Defendant should not be able to

---

[1] All capitalized terms used and not otherwise defined herein shall have the meaning set forth in Plaintiff's Memorandum of Law in Support of the Motion for Preliminary Injunction with Temporary Restraining Order.

1

enforce a provision contained in the SPA that directs the parties to resolve before an Accountant the sole issue as to whether the Subsequent Financial Statement was prepared in accordance with GAAP, while leaving unresolved and requiring Mr. Starr to institute a wholly separate action with respect to the issue of Defendant's bad faith in preparing the Subsequent Financial Statement -- an issue that is outside the scope of the limited resolution process contemplated in the SPA.

## POINT I

Given Defendant's bad faith in preparing the Subsequent Financial Statement on which the calculation for the Earn-Out is based, the provision in the SPA that requires arbitration on the sole issue of whether the Subsequent Financial Statement was prepared in accordance with GAAP, takes on the attributes of a preliminary agreement between the parties that "leaves open terms of too fundamental importance" and is "incapable of sustaining binding legal obligations." Teachers Insurance & Annuity Assoc. v. Tribune Co., 670 F. Supp. 491 497 (S.D.N.Y. 1987). A primary concern for courts in dealing with disputes concerning preliminary agreements "is to avoid trapping parties in surprise contractual obligations." *Id.* at 497.

The Process, in essence, has become a "surprise contractual obligation" that should not be enforced. Mr. Starr never contemplated pre-acquisition of Centroid by Defendant, and that Defendant would employ a changed accounting methodology that would reflect reduced earnings for Centroid so as to deprive him of the Earn-Out to which he otherwise would be entitled. Mr. Starr had every reason to believe that the accounting methodology Defendant would use to calculate Centroid's earnings going forward would follow the method employed prior to Defendant's acquisition, and would yield the earnings contemplated by the parties to the SPA.

2

## POINT II

In asserting that Mr. Starr has failed to demonstrate irreparable harm (Opp. Br. at 7.), Defendant misapprehends the irreparable harm from which Mr. Starr seeks the Court's protection on his motion for preliminary injunction. What Mr. Starr is seeking to avoid is submitting to a lone accountant for resolution, his claims concerning the issue of GAAP, while at the same time, having to litigate before a Court the broader and significantly more serious issues that gave rise to the erroneous Subsequent Financial Statement, namely, Defendant's bad faith and fraud.

These tort claims are not within the scope of the dispute resolution procedure, which provides:

> Seller shall have sixty (60) days from the date Buyer delivers a Subsequent Financial Statement to deliver to Buyer a written dispute notice prepared by an independent regional or national accounting firm. The only item that may be disputed hereunder is whether the applicable Subsequent Financial Statement was prepared in accordance with GAAP.
> \* \* \*
> If Seller and Buyer are unable to resolve all of the items in dispute . . . the Seller and Buyer shall refer in writing the items remaining in dispute to a nationally or regionally recognized independent accounting firm that performs audits of companies of similar size or larger . . .
> \* \* \*
> The decision of the Independent Accountant as to the items in dispute shall be final and binding upon the Parties and shall not be subject to judicial review.

SPA Sec. 2.2(c)(iv), Compl. Ex. A, at 23.

Moreover, Defendant concedes that Mr. Starr is entitled to pursue these tort claims before this Court. On pages 15 to 16 of the Opposing Brief, Defendant argues, in support of the proposition that Mr. Starr has an adequate remedy at law, that "[t]hese claims for money damages and the very pendency of this action undermine any argument that he lacks an adequate remedy at law." (Opp. Br. at 16.)

3

## POINT III

Defendant suggests that Mr. Starr is unlikely to succeed on the merits of his claims. Under Delaware or New York law, if Mr. Starr can sustain and prove his allegations, he is entitled to a finding that the Defendant defrauded Mr. Starr, and that it breached the covenant of good faith and fair dealing in the manner in which it prepared the Subsequent Financial Statements. There are significant issues going to the merits of Mr. Starr's claim to make them fair grounds for litigation.

These issues are highly fact-specific and, necessarily, will turn on the parties' own statements, and what their respective understandings were. In addition, these factual issues are intertwined with the issues that the accountant, presumably, will be called upon to decide, should this matter proceed to resolution in the Process. Therefore, equity requires the entire matter to be heard by this Court.

Defendant also suggests that Mr. Starr's fraud claim "is a thinly veiled claim for breach of contract." (Opp. Br. at 16.) To the contrary, Mr. Starr alleges all of the required elements of fraud, under both Delaware and New York law. Mr. Starr alleges that Defendant knowingly made specific false representations during the negotiation of the SPA, which were intended to induce Mr. Starr to acquiesce to Defendant's insistence on the provisions regarding the accounting methodology to be used in calculating Centroid's earnings. This claim is not duplicative of any potential claim for breach of contract, and is not defeated by the merger clause contained in the SPA, because Defendant knew that its representations regarding the accounting methodology were false when Defendant made them.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Marc A. Starr respectfully requests the Court grant his motion in its entirety.

Dated: New York, New York
       August 30, 2012

Katten Muchin Rosenman LLP

By: _/s/_

Steven Eckhaus (SE 1929)
Meryl E. Wiener (MW 3553)
Leah M. Campbell (LC 7456)
575 Madison Avenue
New York, New York 10022
Tel: (212) 940-8860
Fax: (212) 894-5925

*Attorneys for Plaintiff*
*Marc A. Starr*